IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00197-MR
(CRIMINAL CASE NO. 1:09-cr-00099-MR-1)

| | |
|---|---|
| RAYMOND YEAGER, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate filed pursuant to 28 U.S.C. 2255. [Doc. 1].

I.  **BACKGROUND**

On April 19, 2010, Petitioner pled guilty in this Court to one count of distributing child pornography and one count of receiving child pornography, both in violation of 18 U.S.C. § 2252(a)(2). On January 20, 2011, this Court sentenced Petitioner to 151 months of imprisonment. [Criminal Case No. 1:09-cr-00099-MR-1, Doc. 26: Judgment]. On January 23, 2012, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, raising several claims of ineffective assistance of counsel. [Civil Case No. 1:12-cv-00021-MR, Doc.

1]. On June 19, 2013, the Court denied Petitioner's motion to vacate on the merits. [Id., Doc. 7]. Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit, which dismissed his appeal after finding that he had failed to demonstrate he was entitled to a certificate of appealability. United States v. Yeager, No. 13-7368, 2014 WL 818874 (4th Cir. Mar. 4, 2014).

On June 25, 2014, Petitioner filed a motion to reduce sentence and modify conditions of release, seeking relief from this Court's order denying his motion to vacate. [Civil Case No. 1:12-cv-00021, Doc. 16]. In the motion, Petitioner contended that, since the time he has been incarcerated in federal prison, he has discovered an unfair disparity in sentencing between himself and other federal prisoners who have also been convicted of distributing and/or receiving child pornography under 18 U.S.C. § 2252(a)(2). On July 2, 2014, this Court entered an order denying the motion to reduce as an unauthorized, successive petition. [Id., Doc. 17]. On July 30, 2014, Petitioner filed the instant petition, in which he asserts the same disparity argument as that asserted in his motion to reduce sentence filed on June 25, 2014.[1]

---

[1] Petitioner did not file the instant motion on a form for Section 2255 petitions, nor did he sign it under penalty of perjury. Furthermore, the only argument he appears to assert is that, pursuant to 28 U.S.C. § 2255(f)(4), his prior motion to reduce sentence

## II. DISCUSSION

As noted, the instant Section 2255 petition filed by Petitioner challenging his underlying conviction and sentence in Criminal No. 1:09-cr-00099-MR-1 is a successive petition, as the Court has already denied Petitioner's petition challenging the same conviction. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, Petitioner's successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or

---

was not time-barred because he brought the petition within one year of when he discovered the facts giving rise to his sentencing disparity claim.

successive petition "in the first place").

## III. CONCLUSION

For the reasons stated herein, Petitioner's Motion to Vacate is dismissed as a successive Section 2255 petition.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

4

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 4, 2014

Martin Reidinger
United States District Judge